# St. James Building & Loan Association of West Philadelphia *v.* Kelly, Appellant.

*Judgment—Opening judgment—Building and loan associations—Discretion.*
The Superior Court will not review the discretion of the lower court in refusing to open a judgment entered upon a bond accompanying a mortgage given to a building and loan association, where the question between the parties is one entirely of fact as to credits allowed, and no manifest error is shown in the conclusion reached.

Argued Oct. 13, 1905.   Appeal, No. 170, Oct. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 1918, discharging rule to open judgment in case of St. James Building and Loan Association of West Philadelphia v. Robert Kelly.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to open judgment.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule to open judgment.

*Henry A. Hoefler*, for appellant.

*Thomas H. McCaffrey*, for appellee.

OPINION BY BEAVER, J., November 21, 1905 :
The defendant, a member of the plaintiff association, borrowed from it $900, giving a second mortgage upon four

houses, upon which there were mortgages for $1,300 each. He had four and a half shares of the stock of the plaintiff company. As a member he was, therefore, bound to pay monthly dues of $4.50 and interest of a like amount. He defaulted in the payment of monthly dues and interest, his shares were forfeited and the property was sold, subject to the first mortgages, for $50.00, which was applied to costs and taxes, water rents, etc., which greatly overran the amount. The plaintiff's mortgage was accompanied by a judgment bond, upon which judgment was entered and damages assessed in accordance with a statement of the secretary of the plaintiff association. An application was made to the court below to open the judgment. A rule was entered and, after testimony taken and a consideration of the same, the rule was discharged.

The detailed statement upon which judgment was entered was as follows :

To loan—4½ shares, series 47, being the amount
    of the mortgage debt,  .   .   .   .   $900.00
" 23 months' dues at $4.50 per month  . .  . . 103.50
" 23½ months' interest at $4.50  .   .   . 105.75
" fines  .  .  .  .  .  .  .  . 4.24

                    Total        $1,113.49

               Cr.

By dues 81 months at $4.50 per month $364.50
" interest $10.98 per share—4½ shares  ·49.41    413.91

Balance  .  .  .  .  .  .  .  .  $699.58
Add attórney's commission for collection at 10%   69.96

Damages to be assessed  .  .  .  .  .  $769.54

Judgment entered accordingly.

The defendant claims that the charge of twenty-three months' dues should not be made ; but, inasmuch as he gets credit for them on the other side of the account, the charge is entirely correct, unless there should be a like deduction from the credits or he should be credited with additional payments thereon. In other respects the statement, he practically admits, is correct.

There is some difference as to payments. The defendant

claims, and, in fact, shows a greater amount paid in checks than the amount for which he is credited, but it does not clearly appear that these payments were on this account and, inasmuch as there is another account for which defendant was liable prior to the sale on the scire facias, arising from taxes, water rents, etc., the payments may have been on that account, as well as on account of dues and interest upon his stock.   The claim made by the defendant is also apparently erroneous in that he claims credit, both for the checks and for the several amounts admitted to be paid by the secretary of the association, these amounts in a number of instances being identical and the dates at or about the same time.   The amount with which defendant is credited in the statement is the full withdrawal value of his stock at the time of the forfeiture, made up of dues for the entire time of his membership and interest thereon.

After reading the whole of the testimony and analyzing the accounts, we cannot convict the court of abuse of judicial discretion in refusing to open the judgment.

The question is one entirely of fact which seems to have been carefully considered by the court and, although no opinion is filed, it is not difficult to see, in a careful consideration of the testimony, the grounds upon which the court based its ruling.   The order discharging the rule to show cause why the judgment should not be opened is, therefore, affirmed, and the appeal dismissed, at the costs of the appellant.